UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EVA MARDAK,

                  Plaintiff,

        -against-

SKYLINE AUTO LEASING, INC., *et al.*,

                  Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
16 CV 4008 (CBA) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

On December 10, 2020, a conference was held before the undersigned. At the conference, the dismissal of this case was discussed. Plaintiff was ordered to submit a stipulation of dismissal as to the remaining defendant, Steve Koyfman, no later than January 8, 2021. (ECF No. 155). Instead, plaintiff filed a stipulation of dismissal on the docket as to defendant Amico "only." (See ECF No. 156).

The Court then ordered plaintiff to file a stipulation of dismissal as to Steve Koyfman no later than February 12, 2021. The plaintiff failed to do so. After numerous calls from the Court, none of which were answered or returned, plaintiff's counsel has still not entered a stipulation of dismissal on the docket. Accordingly, on March 3, 2021, the Court ordered plaintiff's counsel to either file the stipulation of dismissal or alert the Court to the status of the stipulation no later than March 17, 2021. The Court explicitly warned plaintiff's counsel that "[i]f neither [wa]s received, the Court w[ould] recommend the case be dismissed for failure to prosecute." (See ECF No. 158). No stipulation of dismissal was filed, nor was any communication from counsel received. As such, the Court recommends the court dismiss this case for failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure "gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute." Peters v. Dep't of Corr. of New York City, 306 F.R.D. 147, 149 (S.D.N.Y. 2015), citing LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). Courts consider five factors: (1) the duration of the plaintiff's

failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; (5) the efficacy of lesser sanctions. Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999). Even where a plaintiff fails to comply with a court order that warns of possible dismissal, "the court must still make a finding of 'willfulness, bad faith, or reasonably serious fault'" by evaluating these factors. Baptiste v. Sommers, 768 F.3d 212, 217 (2d Cir. 2014).

These five factors support dismissal here. First, plaintiff's failure to respond to Court's Orders has lasted more than three months. This is despite receiving multiple Orders and phone calls from the Court. Second, in the most recent Order from this Court, the Court warned plaintiff's counsel that the Court would recommend dismissal for failure to prosecute if nothing was received by March 17, 2021. Third, the remaining defendant in this case – a pro se defendant – had agreed to this dismissal many months ago, but has had to wait needlessly with the threat of possible judgment "hanging over him" for these many years. See Peters v. Dep't of Corr. of New York City, 306 F.R.D. at 149. Fourth, plaintiff has been given multiple opportunities to inform the Court of her plans with regard to this case. Fifth, other sanctions are inappropriate "given that [p]laintiff has been completely uncommunicative with the Court" for many months – importantly, plaintiff has failed to answer or return numerous phone calls from the Court, in addition to plaintiff's failure to follow Orders of this Court by filing on the docket. Id. As such, the Court respectfully recommends dismissal for failure to prosecute.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also

Fed. R. Civ. P. 6(a), (e) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
March 18, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York