Clerk's Office
Filed Date: 4/5/21

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EVA MARDAK,

                Plaintiff,

  -against-

SKYLINE AUTO LEASING INC. et al.,

                Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
16-CV-4008 (CBA) (CLP)

**AMON, United States District Judge:**

On July 19, 2016, Plaintiff Eva Mardak commenced this action against Skyline Auto Leasing Inc., Steve Koyfman, BMW of Morristown, BMW Financial Services NA, LLC, and HSF Enterprises, Inc. alleging violations of the Fair Credit Reporting Act and related state laws. An Amended Complaint was filed on January 20, 2017 adding Defendants Open Road Auto Group and Christopher Amico. As the case proceeded through discovery, Plaintiff reached settlement agreements with all defendants except for Steve Koyfman and Skyline Auto Leasing, Inc. (See ECF Docket Entry ("D.E.") ## 21, 138, 139, 149.)

The parties were ordered to file a Joint Pretrial Order no later than September 30, 2020. When they failed to meet that deadline without explanation, Judge Pollak ordered them to submit the Joint Pretrial Order by October 9, 2020. They again missed the deadline. A status conference was held on December 10, 2020, during which Plaintiff indicated that she would "submit a stipulation of dismissal as to the remaining defendant." (D.E. # 155.) She was ordered by Judge Pollak to do so by January 8, 2021. Although Plaintiff filed a stipulation of dismissal on December 17, 2020, (D.E. # 155), it was purportedly as to "Defendant Amico only"—who had already reached a settlement with Plaintiff in February 2020. (D.E. # 138.) Judge Pollak accordingly

1

ordered Plaintiff to "file a corrected stipulation of dismissal no later than 2/12/2021." No stipulation was filed, nor did Plaintiff explain her failure to do so. Plaintiff also failed to answer or return numerous phone calls from the Court regarding the defective filing and missed deadlines. Judge Pollak ordered Plaintiff to file the corrected stipulation no later than March 17, 2021, and stated that non-compliance would lead Judge Pollak to "recommend dismissal for failure to prosecute." (D.E. #158.) No stipulation of dismissal was filed. On March 18, 2021, Judge Pollak issued a Report and Recommendation ("R&R") recommending that I dismiss the case for failure to prosecute.

No party has objected to the R&R, and the time for doing so has passed. See 28 U.S.C. § 636(b)(1). When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). I have carefully considered the record, the R&R, and the factors set forth in LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (setting forth considerations when dismissing for failure to prosecute). Finding no error, I adopt Judge Pollak's thorough and well-reasoned R&R. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: April 5, 2021
      Brooklyn, New York                      /s/   Carol Bagley Amon
                                                  Carol Bagley Amon
                                                  United States District Judge